# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JACOBY ORR**                                                                                       **PLAINTIFF**

**V.**                                **NO. 3:24-cv-209-DPM-ERE**

**DOE**                                                                                                **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation has been sent to United States District D.P. Marshall Jr. You may file written objections to all or part of this Recommendation.  Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this Recommendation without independently reviewing the record.

### II.  Background

*Pro se* plaintiff Jacoby Orr, an inmate at the Sharp County Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Orr's complaint alleges that unidentified Detention Center staff members have: (1) placed him in lock down on two separate occasions without explanation; (2) denied his requests for medication; (3) denied him milk, tea, and coffee; and (4) failed to punish

other inmates for their aggressive conduct but instead punished him. Mr. Orr requests a transfer to the misdemeanor pod or punishment of the responsible parties.

On December 3, 2024, the Court entered an Order explaining to Mr. Orr that his original complaint was deficient but giving him the opportunity to file an amended complaint. *Doc. 6*.

To date, Mr. Orr has not filed an amended complaint, and the time to do so has passed. The Court will therefore screen Mr. Orr's original complaint, as required by 28 U.S.C. § 1915A.

## III. <u>Discussion</u>

### A. **Screening**

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011)

### B. Personal Involvement

Mr. Orr's complaint fails to allege facts to show how any individual Defendant personally participated in unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Orr's complaint fails to state a plausible constitutional claim against any individual Defendant.[1]

### C. Capacity

Mr. Orr's complaint fails to state the capacity in which he is suing any Defendant. When a complaint is silent in this regard, the Court must construe it as seeking relief against a defendant only in his or her official capacity. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Mr. Orr's official-capacity claims are treated under the law as claims against Sharp County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty.*

---

[1] To the extent Mr. Orr seeks to hold any supervisor individually liable for the actions of r subordinates, such a claim would not survive screening. Established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

*of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). Sharp County is not legally responsible for the unconstitutional acts of its employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)). However, Sharp County can face § 1983 liability to the extent that its policies, customs, or practices cause constitutional deprivations. *Brewington v. Keener*, 902 F.3d 796, 801-02 (8th Cir. 2018); *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699-700 (8th Cir. 2016).

Mr. Orr's complaint contains no factual allegations suggesting that a Sharp County policy, practice, or custom caused his injury. As a result, his complaint fails to plead a plausible official-capacity claim.

### D. Medical Deliberate Indifference

To state a plausible claim for medical deliberate indifference against any named Defendant, Mr. Orr must allege facts that, taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).

Mr. Orr's complaint contains no facts suggesting that: (1) any specific individual was aware of his need for medical treatment or medication; or (2) any specific Defendant denied his requests for medical treatment or medication. As a

result, Mr. Orr has failed to state a plausible medical deliberate indifference claim for relief.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Orr's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED 13 January 2025.

_____
UNITED STATES MAGISTRATE JUDGE

5